STEPHEN M. CASPER, RELATOR v. KENT CIRCUIT JUDGE.

*Stipulation by nominal defendant for discontinuance of replevin suit.*

An officer who has seized goods by virtue of legal process is a merely nominal defendant to an action of replevin for them, and unless the real party in interest has refused to indemnify him cannot prejudice the latter's rights by stipulating with the plaintiff for the dismissal of the suit without judgment.

A stipulation for the dismissal, without judgment, of a suit in replevin for property taken under a chattel mortgage, leaves the property in the mortgager's hand, releases the sureties on the replevin bond, and, if the property is beyond reach, leaves the mortgagee without adequate remedy.

Mandamus to vacate a judgment in replevin. Submitted on demurrer November 10, 1880. Granted Jan. 12, 1881.

*Frank F. Kutts* and *D. E. Corbit* for relator. A client can control his case in spite of his attorney. *Parke v. Blighton* 32 Mich. 266; *Wright v. Hake* 38 Mich. 525.

*Simonds & Fletcher* for respondent.

MARSTON, C. J. It appears that Warren L. Barber held two chattel mortgages given by the relator; that he placed them in the hands of Milton F. Marsh, a constable, for collection; that Marsh took possession of the property described in said mortgages thereunder; that before sale of the property under the mortgages Casper, the mortgagor, brought replevin against the constable for and obtained possession of the property; that after the commencement of such action the defendant therein, the constable, handed over the replevin papers served upon him, to his principal, Barber the mortgagee, to have such suit defended; that thereupon Barber employed attorneys who appeared for defendant Marsh in such replevin suit, and said cause proceeded to issue; that thereafter Marsh the defendant and Casper the plaintiff, the latter by his attorneys, entered into a written stipulation that the replevin

suit be dismissed and discontinued without judgment for the return or value of the property and without costs to either party. No bond of indemnity was asked for by the constable, but after the stipulation referred to had been entered into, one was offered him by the mortgagee Barber.

All these facts having been shown to the circuit court where said replevin suit was pending, that court proceeded with the cause and judgment was rendered in favor of the defendant therein, according to his special interest in the property under the mortgages. Relator now asks that a mandamus issue directing the circuit judge to set aside the judgment so rendered.

The relator cannot have the relief prayed for. The defendant was a mere nominal party, made so because of his actual possession of the property, but known by all parties to be held by him for and as the agent of the mortgagee, and for the sole purpose of foreclosing the mortgages.

The effect of the stipulation if carried out, would be to leave the property in the hands of the mortgagor, release the sureties on the replevin bond, and if the property was beyond reach, leave the real party in interest, the mortgagee, without adequate remedy. A mere nominal defendant should not thus be permitted to prejudice the rights of the real party in interest, and whose rights he represents, at least until the person interested had been given an oportunity and refused to indemnify him.

The writ must be denied with costs.

The other Justices concurred.